UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br>         Plaintiff,  ) <br>     ) <br>     v.  ) <br>     ) <br> DR. GUY EMECHEBE, d/b/a UNICARE  ) <br> INFUSION AND HEALTH SERVICES,  ) <br>         Defendant.  ) | CAUSE NO.: 2:09-CR-179-JVB |

**ORDER**

This matter is before the Court on a Motion to Expunge/Seal Criminal Record [DE 27] filed by Defendant Dr. Guy Emechebe, *pro se*, on February 8, 2024. This case has been closed for many years—judgment was entered on January 12, 2010.

The Court construes the request as a motion for expungement. In support of his motion, Defendant cites his successful completion of his sentence, rehabilitation, good conduct, and positive contributions to society. He also notes that his criminal record has had a negative impact on his employment and other opportunities.

The Court must always be assured of its jurisdiction to act in a case. Defendant cites no basis for jurisdiction, and the Court does not have a general power to equitably expunge records. *United State v. Wahi*, 850 F.3d 296, 300 (7th Cir. 2017). Thus, the Court's ability to hear Defendant's request to expunge the record is either a matter of ancillary jurisdiction or it is beyond the Court's jurisdiction. *Id.* Ancillary jurisdiction is the Court's ability to hear claims that are closely linked to claims that do fall within the Courts jurisdiction. *Id.*

While previous caselaw in this judicial circuit held that district courts had the inherent authority to reopen a closed criminal case to consider expungement requests, *see United States v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004), the Supreme Court in *Kokkonen v. Guardian Life*

*Insurance Co. of America*, 511 U.S. 375 (1994), explained that ancillary jurisdiction can be asserted if it meets one of two criteria: "(1) to permit claims that are factually interdependent to be resolved in a single proceeding; and (2) to enable the court to 'manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Wahi*, 850 F.3d at 298 (quoting *Kokkonen*, 511 U.S. at 380).

In *Wahi*, the Seventh Circuit considered whether *Flowers* was sound in light of *Kokkonen* and decided that it was not. *Id.* The Seventh Circuit overruled *Flowers*, holding that "the district court lacks ancillary jurisdiction to hear requests for equitable expungement." *Wahi*, 850 F.3d at 298. Accordingly, the Court does not have jurisdiction to consider Defendant's request for expungement.

Therefore, the Court hereby **DENIES for lack of jurisdiction** the Motion to Expunge/Seal Criminal Record [DE 27].

SO ORDERED on February 9, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

cc: Defendant Dr. Guy Emechebe, *pro se*